**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                             CASE NO:  1:11 CR 16 MW/GRJ

ALEXANDER BENJAMIN RODRIGUEZ
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE**

On October 15, 2015, the Defendant, Alexander Benjamin Rodriguez, filed a pro se motion requesting the early termination of his supervised release imposed as part of his sentence for Conspiracy to Manufacture, Distribute and Possess with Intent to Manufacture and Distribute more than 100 Marijuana Plants in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(vii) and § 846.  Of note, the Defendant did not notify his supervising probation officer of this motion.

Upon consultation with U.S. Probation Officer Albin Calixte, the undersigned was advised that the officer opposes any early termination.  Officer Calixte provided several problems with the Defendant's compliance:  the Defendant has shown unstable residences; there are allegations of domestic violence; there is an ongoing legal battle involving custody and support of the minor child; and, the Defendant claims income from work but there is no evidence of any pay checks being issued to, or deposited by, the Defendant.

The Defendant claims that he has successfully completed his rehabilitation and learned his lesson.

Most courts addressing the issue have held that "compliance with the terms of supervised release, and with the law, alone are not enough to warrant early termination." *United States v. Paterno, 2002 WL 1065682, at \*2 (citing United States v. Hardesty, 2002 WL 731705 (D.*

*Kansas. Apr. 2, 2002))*. Compliance with the terms of his release is what is ultimately expected of him. *United States v. Herrera, 1998 WL 684471, at *2 (S.D.N.Y. Sept. 30, 1998).* The Defendant has not cited facts sufficient to warrant early termination.

Based upon the objections of his probation officer, the Defendant has not demonstrated changed circumstances sufficient to have the court exercise its discretion to terminate the supervised release. The government objects to the Defendant's motion and urges the court to deny the motion.

                                        Respectfully Submitted,

                                        CHRISTOPHER P. CANOVA
                                        Acting United States Attorney

                                         *s/ GREGORY P. McMAHON*
                                        GREGORY P. McMAHON
                                        Assistant United States Attorney
                                        Florida Bar No:  178110
                                        401 SE First Avenue, Suite 211
                                        Gainesville, Florida 32601
                                        (352) 378-0996

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to: Alexander Benjamin Rodriguez, Defendant, 3384 W. 90th Street, Hialeah, Florida 33018, and by electronic service to U.S. Probation Officer Albin Calixte, this 20th day of October 2015.

                                        *s/ GREGORY P. McMAHON*
                                        GREGORY P. McMAHON
                                        Assistant United States Attorney